## CONNIE WILHITE - EEOC v. Diallo's of Houston; Civil Action No. 4:16-cv-02909

| | |
|---|---|
| **From:** | CONNIE WILHITE |
| **To:** | rshackctic@yahoo.com |
| **Date:** | 9/30/2016 4:17 PM |
| **Subject:** | EEOC v. Diallo's of Houston; Civil Action No. 4:16-cv-02909 |
| **BC:** | JAMES SACHER;  ROSE ADEWALE-MENDES |
| **Attachments:** | Parks.Diallos.Complaint FS.09.29.2016.pdf; Scheduling Conf Order.pdf |

Dear Mr. Shackelford:

Because you represented Diallo's during the investigation and conciliation of Ms. Parks' charge, I have attached a courtesy copy of the Complaint for the above-referenced lawsuit filed in the United States District Court for the Southern District of Texas, Houston Division on September 29, 2016. The lawsuit is being formally served on Diallo's agent for service of process. For your information, I have also attached the initial scheduling order.

If you continue to represent Diallo's in the lawsuit, and if you wish to discuss this matter, please feel free to contact me. You may also contact our Regional Attorney, Jim Sacher, at 713-651-4963.

Sincerely,


Connie Wilhite Gatlin
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
****************
Houston District Office
Leland Federal Building
1919 Smith St., 6th Floor
Houston, Texas 77002
****************
(713) 651-4900 Main Line
(713) 651-4976 Direct Line
with private voice mail
(713) 651-7995 Fax
(713) 651-4987 Alt. Fax
connie.wilhite@eeoc.gov

### EEOC Mission: Stop and Remedy Unlawful Employment Discrimination

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

EXHIBIT "G"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § | |
| *Plaintiff*, § § | |
| v. § § | CIVIL ACTION NO. _____ |
| § § | |
| DIALLO'S ENTERTAINMENT, INC. D/B/A DIALLO'S OF HOUSTON, § § § | |
| *Defendant*. § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Felicia M. Parks ("Parks" or "Charging Party"). As alleged with greater particularity in paragraphs 15 to 20 below, Defendant unlawfully discriminated against Charging Party by wrongfully terminating her due to her disability or substantially limiting impairment, HIV.

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§

1

2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C.
§ 1981a.

2. Venue is proper within the jurisdiction of the United States District Court for the
Southern District of Texas, Houston Division.

3. The employment practices alleged to be unlawful were committed in Houston,
Harris County, Texas, within the jurisdiction of the United States District Court for the Southern
District of Texas, Houston Division.

## PARTIES

4. Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or the
"Commission") is the agency of the United States of America charged with the administration,
interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this
action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference
Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant Diallo's Entertainment, Inc. d/b/a Diallo's of
Houston ("Defendant" or "Diallo's") has continuously been a Texas corporation doing business
in the State of Texas, in the City of Houston, County of Harris, including at the address of 3340
Dixie Dr., Houston, TX 77021, and has continuously had or during the relevant time period had,
at least fifteen (15) employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an
industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§
12111(5) and (7).

7. At all relevant times, Defendant has been a covered entity under Section 101(2) of
the ADA, 42 U.S.C. § 12111(2).

2

8.    Defendant's registered agent for service of process is Diallo Laquan Roberts located at 10906 Lewis Dr., Houston, Texas 77099-2724.

## ADMINISTRATIVE PROCEDURES

9.    More than thirty days prior to the institution of this lawsuit, Parks filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant.

10.    On May 11, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11.    Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below, and to effect voluntary compliance by Defendant with the ADA, through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. § 2000e-5(b) incorporated by Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

12.    On September 19, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13.    All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14.    Defendant owns and operates a nightclub and party venue in Houston, Texas.

15.    Since at least March 2014, Defendant has engaged in unlawful employment practices on the basis of disability in violation of Sections 102(a) and (d) and Section 107(a) of the ADA, 42 U.S.C. §§ 12112(a) and (d), 12117(a).

3

16. Parks is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8), in that she has an impairment that substantially limits a major life activity or activities, she has a record of an impairment that substantially limits a major life activity or activities, and/or Defendant regarded Parks as having a disability. Respondent subjected Parks to an adverse employment action, termination, because of her disability.

17. Parks was employed by Defendant as a waitress from in or about April 2011 to on or about March 5, 2014, when she was unlawfully terminated.

18. Parks was unlawfully terminated after Leila Roberts ("Roberts"), a manager for and/or owner of Diallo's and Charging Party's direct supervisor, informed Parks that she (Roberts) had heard from an unidentified third party that Charging Party had a substantially limiting impairment, HIV, that Roberts, without any further information or inquiry, believed to be hazardous to Defendant's business. Roberts then demanded, on two separate occasions, that Parks provide documentation to show that she did not, in fact, have HIV. Roberts told Parks that, if she failed to provide such documentation, she would be terminated. Parks was unable to provide such documentation and was terminated.

19. In requiring Parks to provide documentation showing that she did not have a certain disability or impairment based only on an assumption, belief or suspicion that such disability or impairment posed a hazard to the workplace, Defendant made an impermissible disability-related inquiry of Parks, an employee, as to (1) whether she had a disability and (2) the nature or severity of any such disability, and required Charging Party to provide medical documentation regarding her disability or impairment which may also have required a medical examination.

4

20. Defendant wrongfully terminated Parks' employment because of her disability or impairment, HIV.

21. The unlawful employment practices complained of above were intentional.

22. The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Parks, in violation of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in disability discrimination.

B.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in retaliation against employees who make good-faith complaints of discrimination or who otherwise oppose discriminatory conduct.

C.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

D.  Order Defendant to make whole Felicia M. Parks by providing appropriate compensation with prejudgment and post-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraphs 15-20 above, including, but not limited to, reinstatement where

5

appropriate or an award of front pay in an amount to be proved at trial if reinstatement is impractical.

E.  Order Defendant to make whole Felicia M. Parks by providing compensation for past and future pecuniary losses resulting from its unlawful employment practices described in paragraphs 15-20 above, including, but not limited to, the value of lost insurance benefits, and job search expenses, in amounts to be determined at trial.

F.  Order Defendant to make whole Felicia M. Parks by providing compensation for past and future non-pecuniary losses resulting from its unlawful practices complained of in paragraphs 15-20 above, including, but not limited to, emotional pain and suffering, in amounts to be determined at trial.

G.  Order Defendant to pay Felicia M. Parks punitive damages for its malicious and reckless conduct described in paragraphs 15-20 above, in amounts to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

Pursuant to Federal Rules of Civil Procedure 38 and 39, Plaintiff requests a jury trial on all issues raised in the instant Complaint which may be tried by a jury.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

6

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507


/s/ Connie W. Gatlin
CONNIE WILHITE GATLIN
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No. 00792916
Southern Dist. of Texas No. 23624
U.S. Equal Employment Opportunity Commission
1919 Smith St., 6th Floor
Houston, Texas 77002
(713) 651-4976
(713) 651-7995 [facsimile]
connie.wilhite@eeoc.gov


OF COUNSEL:

JIM SACHER
Regional Attorney

ROSE ADEWALE-MENDES
Supervisory Trial Attorney
U.S. Equal Employment Opportunity Commission
1919 Smith Street, 7th floor
Houston, Texas 77002

7

United States District Court
Southern District of Texas

**ENTERED**
September 30, 2016
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**CIVIL ACTION NO. 4:16–cv–02909**

**ORDER FOR CONFERENCE**
**AND**
**DISCLOSURE OF INTERESTED PARTIES**

1.   Counsel shall appear for an initial pretrial and scheduling conference before:

**United States Magistrate Judge Stephen Wm. Smith**
on December 6, 2016 at 10:00 AM
Courtroom 703, 7th Floor
515 Rusk Avenue
Houston, Texas

2.   Counsel shall file with the clerk within fifteen days from receipt of this order a certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If a group can be specified by a general description, individual listing is not necessary. <u>Underline the name of each corporation whose securities are publicly traded</u>. If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel shall promptly file an amended certificate with the clerk.

3.   Fed. R. Civ. P. 4(m) requires defendant(s) to be served within 90 days after the filing of the complaint. The failure of plaintiff(s) to file proof of service within 90 days after the filing of the complaint may result in dismissal of this action by the court on its own initiative.

4.   After the parties confer as required by Fed. R. Civ. P. 26(f), counsel shall prepare and file not less than 10 days before the conference a joint discovery/case management.

5.   The court will enter a scheduling order at the conference.

6.   Counsel who file or remove an action must serve a copy of this order with the summons and complaint or with the notice of removal.

7.   Attendance by an attorney who has authority to bind the party is required at the conference.

8.   Counsel shall discuss with their clients and each other whether alternative dispute resolution is appropriate and at the conference shall advise the court of the results of their discussions.

9.   A person litigating <u>pro se</u> is bound by the requirements imposed upon counsel in this Order.

10.   Failure to comply with this Order may result in sanctions, including dismissal of the action and assessment of fees and costs.

By Order of the Court