IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT § | |
| OPPORTUNITY COMMISSION, § | |
| § | |
| *Plaintiff*, § | |
| § C.A. No. 4:16-cv-02909 | |
| VS. § | |
| § | |
| § | |
| DIALLO'S ENTERTAINMENT § | |
| INC. § | |
| D/B/A DIALLO'S OF HOUSTON, | |
| | |
| *Defendant*. | |

### DEFENDANT'S 60 (B) MOTION FOR RELIEF FROM JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, **Diallo's Entertainment Inc. D/B/A Diallo's of Houston (herein after "Diallo's" or "Defendant")**, and files this Motion to Re-Open suit from the final default judgment signed by this Court in the above-captioned and numbered lawsuit, pursuant to Federal Rule of Civil Procedure 60(b). In support of this motion, Plaintiff would respectfully show this Court as follows:

### I.   PROCEDURAL BACKGROUND

1.   On or about November 18th, 2016, this court executed and ordered a default judgment against Defendant. This suit was filed on September 29th, 2016 and

Defendant was served on October 4th, 2016. Defendant's answer was due on October 25th, 2016.

2. On November 17th, 2016 Plaintiff filed its Motion for Entry of Default. The Court ordered a status conference which is set for December 29th, 2016. Defendant's counsel will attend the status conference. ***See Defendant's affidavit attached***.

3. On December 12th, 2016 Defendant hired new counsel licensed to practice in this court. Prior to this suit, Defendant was represented by Attorney Ray Shackelford who represented Defendant at the EEOC proceedings, however, is not currently licensed to practice in the Southern District. Currently, Mr. Shackelford is in the process of applying for his license to practice in the Southern District. Further evidence of Defendant's inadvertence to respond to Plaintiff's Motion, is Defendant's full participation in the EEOC conciliation proceedings. Moreover, this suit has been on file with the court for less than ninety (90) days and Defendant was served with suit less than seventy-five (75) days ago. Considering the short time this suit has been active, it would be unjust to conclude that Defendant intentionally did not respond to Plaintiff's motion.

4. On or about December 12th, 2016 Defendant's counsel, LaToya Jarrett, discovered Plaintiff's Motion for Entry of Default was granted by the Court

because Defendant did not respond to Plaintiff's Motion. The Court's Order was a default judgment due to Defendant's inadvertent lack of response to Plaintiff's Motion.

## II. ARGUMENTS AND AUTHORITIES

### A. Standard of Review

5. A motion filed pursuant to Federal Rule of Civil Procedure 60(b)"allows a party to receive relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or(6) any other reason that justifies relief.

6. The Fifth Circuit has established a clear, unequivocal preference against default and in favor of a "most liberal" application of Rule 60(b). *See Azzopardi v.*

*Ocean Drilling & Exploration Co., 742 F.2d 890, 895 (5th Cir. 1984)*.[1] (noting that defendant's insurers failure to retain counsel timely was a mistake, which was immediately rectified by filing the notice of removal and answer within 9 days of default). Moreover, "a court should resolve all doubts in favor of the party seeking relief from the default judgment." Goldstein v. Gordon, 3:00-CV-0022-P, 2002 U.S. Dist. LEXIS 3348 *5 (N.E. Tex. February 27, 2002.[2]

## B.  The Facts and Circumstances of the Matter Conclusively Satisfy the Factors Applicable to the Court's Determination of this Motion.

7. The facts establish Defendant's plain intention to defend the arguments of counsel in its Motion for Entry of Default. Defendant was represented by counsel, Ray Shackelford, at the EEOC conciliation process. However, Defendant had to hire new counsel, LaToya Jarrett, for this suit because it needed counsel licensed in the Southern District. On or about December 12th, 2016 Defendant's counsel, LaToya Jarrett, discovered Plaintiff's Motion for Entry of Default. Further evidence of Defendant's inadvertence to respond to Plaintiff's Motion, is Defendant's full participation in the EEOC conciliation proceedings, which

---

[1] The purpose of Rule 60(b) is to "strike a delicate balance between….the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." Seven Elves, Inc. Eskenazi, et. Al., 635 F.2d 396, 401 (5th Cir. 1981) (emphasizing that although finality is an important goal, a judgment should reflect the true merits of the cause) (emphasis added); Owen-Illinois, Inc. v. T &N LTD., et. al. , 191 F.R.D. 522,525 (E.D. Tex. 2000) (noting Fifth Circuit policy in favor of resolving cases on the merits and against use of default judgments).

[2] Copies of cases reported on Lexis are provided for the convenience of the court at Exhibit "C."

4

demonstrated its intention to defend Plaintiff's claims against it. Moreover, this suit has been on file with the court for less than ninety (90) days and Defendant was served with suit less than seventy-five (75) days ago.

8. Default judgments are appropriate only when "the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n, 874 F.2d 274, 276 (5th Cir. 1989)* (citation omitted).

9. Defendant has proffered proof that it did not respond to Plaintiff's Motion for Entry of Default only due to excusable neglect, mistake, or accident not intentionally. Court's consider 1) extent of prejudice to plaintiff; 2) merits of defendant's asserted defense, and 3) culpability of defendant's conduct in deciding whether to set aside a default judgment. *See Hibernia Nat'l Bank v. Administration Central Sociedad Anonima, 776 F.2d 1277, 1280 (5th Cir. 1985)*. Under the facts before this Court, these factors weigh heavily in favor of setting aside the Court's Order on Plaintiff's Motion for Entry of Default, on November 17th, 2016.

### *Granting this Motion will not prejudice the Plaintiff.*

10. Essentially, the Court granted Plaintiff's Motion because there was no response to the motion on record, and thus, the order was entered by default

judgment.  Setting aside the default judgment will not prejudice the Plaintiff.  The "mere possibility of prejudice from delay, which is inherent in every case, is insufficient to require denial of a 60(b)(1) motion." *Hibernia, 776 F.2d at 1280*.

11.     In this case, Plaintiff will not suffer any prejudice to justify sustaining an order in its favor on a Motion for Entry of Default.  The granting of this motion will not slow the progress of this case, or hinder Plaintiff's right to plead its claims in this suit.  As such, the granting of this Motion will occasion no additional delay and will not harm Plaintiff's right to defenses.  However, Defendant would suffer tremendous prejudice if the Default Judgment is not set aside.

12.     Moreover, the unfair prejudice Defendant would suffer if this motion is not granted appears patent from a brief review of the Plaintiff's petition.  Plaintiff's Original Petition sets forth several allegations pertaining to its claims against Defendant which include but are not limited to, Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991.

***Defendant's Failure to Timely File a Response to Plaintiff's Motion for Entry of Judgment was due to Mistake, Excusable Neglect and/or Accidents and not Willful.***

13.     Defendant did not actively evade filing a response to Plaintiff's Motion, intentionally ignore court orders or willfully violate court rules.  Defendant had not

6

had the opportunity to meet with new counsel licensed in the Southern District until December 12th, 2016.

14.     Thus, even though Defendant had established procedures in place, human error resulted in a lack of filing a response to Defendant's Motion. *See McGarrah v. Kmart Corp. No. 3:97-cv-2386-G, 1998 U.S. Dist. LEXIS 17118*, *5 (N.D. Tex. October 22, 1998); Owen-Illinois, 191 F.R.D. at 528 (noting that "no system can provide for every possible contingency, nor does the law require [defendant] to have a full-proof system ."). Defendant's counsel did not deliberately ignore the response to a motion timeframe, but rather inadvertently missed it as a result of its corporate representative's human mistake, excusable neglect and/or accident. Thus, good cause exists to set aside the default. *See Hibernia Nat'l Bank v. Administration Central Sociedad Anonima 776 F.2d 1277, 1280-81 (5th Cir. 1985)* ("The minimal tardiness in this case was not enough to justify depriving [defendant] of the right to present a substantive defense"). Further, Defendant's counsel has moved expeditiously to rectify the judgment against Defendant and prevent any further delay by this action.

*Defendant has Meritorious Defenses*

15.     As evidenced by Plaintiff's causes of action in its Original Complaint, Defendant has numerous meritorious defenses against Plaintiff and can advance

such only if the suit is re-opened; Plaintiff asserts claims under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991.  The meritorious defense requirement does not require the moving party to show it is likely to prevail.  *See Owen-Illinois, Inc. v. T&N LTD., et. al., 191 F.R.D. 522, 526 (E.D. Tex. 2000) (emphasis added).*  Rather, because there is a possibility that Defendant can prevail on the merits, it must be allowed to defend itself on the merits.  *See Claire v. Ensurelink, 3:010 CV-1548-G, 2001 U.S. Dist. LEXIS 20108,* *9 (N.D. Tex. December, 4, 2001) [*12] (emphasis added) .

### III.   CONCLUSION

16. Defendant respectfully submits that the law, the facts, and the interests of justice allow one result-the setting aside of the Order entered against Defendant on November 18th, 2016.  Defendant's Counsel acted reasonably to comply with Federal Procedure in filing this motion. Finally, Defendant submits the ends of Justice can in no way be served by enforcing a default under the circumstances, especially, since Plaintiff can invoke no reasonable claim to having suffered prejudice.

### IV.   PRAYER

WHEREFORE, Defendant hereby requests that this Court set aside the Order entered against Defendant on November 18th, and allow the matter to re-open and proceed under the rules and schedule set by the Honorable Court.

## CERTIFICATE OF CONFERENCE

The undersigned represents that she called opposing counsel on December 16th, 2016 at 12:30 p.m., and could not reach counsel, thus, it is assumed counsel is opposed to this motion.

Respectfully Submitted,

/s// LaToya Jarrett
**LaToya Jarrett,** *Of Counsel*
**Shackelford & Associates, LLC**
SBN: 24073021
Federal Bar Number: 1733798
1406 Southmore Blvd.
Houston, Texas 77004
(713) 520-8484-Office
(713) 520-8192-Facsimile
**Attorney for Defendant, Diallo's of Houston**

## **CERTIFICATE OF SERVICE**

I, LATOYA JARRETT, do hereby certify that a true and correct copy of the foregoing instruments have been served upon counsel of record under the Federal Rules of Civil Procedure, via the Court's ECF electronic filing system.

                                                         //s// LaToya Jarrett

**Equal Employment Opportunity Commission**
**Connie W. Gatlin**
**Senior Trial Attorney**
**1919 Smith St. 6th Floor**
**Houston, Tx 77002**
**(713) 651-4976**
**(713) 651-7995 (facsimile)**
**Connie.wilhite@eeoc.gov**

10