IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § *Plaintiff*, § § § C.A. No. 4:16-cv-02909 VS. § § § DIALLO'S ENTERTAINMENT § INC. § D/B/A DIALLO'S OF HOUSTON, *Defendant.* | |

## DEFENDANT'S MOTION FOR NEW TRIAL/RECONSIDERATION UNDER RULE 59

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Defendant, **Diallo's Entertainment Inc. D/B/A Diallo's of Houston (herein after "Diallo's" or "Defendant")**, and files this Motion for New Trial/Reconsideration from the final default judgment signed by this Court on December 29th, 2017 in the above-captioned and numbered lawsuit, pursuant to Federal Rule of Civil Procedure 59. In support of this motion, Plaintiff would respectfully show this Court as follows:

1

## I.     PROCEDURAL BACKGROUND

1. On November 17th, 2016 Plaintiff filed its Motion for Entry of Default. On or about November 18th, 2016, this court executed and ordered a default judgment against Defendant. This suit was filed on September 29th, 2016 and Defendant was served on October 4th, 2016. Defendant's answer was due on October 25th, 2016. On December 29th, 2016 at a status conference and hearing on Plaintiff's Motion for Default Judgment, the Court issued a final default judgment against Defendant because Defendant unintentionally did not appear before the Court after filing Defendant's Rule 60(b) Motion for Relief from Judgment.

2. More specifically, Defendant's counsel intended to appear at the status conference, however, inadvertently failed to do so. *See Defendant Counsel's affidavit attached*. On December 16th, 2016 Defendant's Counsel filed its first Rule 60(b) Motion. On December 29th, 2016, the Court denied Defendant's Rule 60(b) Motion for Relief from Judgment.

3. Now, Counsel for Defendant urges the Court to set aside its judgment rendered on December 29th, 2016 and re-open this suit because a default judgment against Defendant is manifest injustice as no merits on the case have been presented to the Court.

## II.  ARGUMENTS AND AUTHORITIES

### A.  Standard of Review

4.  Federal Rule of Civil Procedure 59 provides that a district court has considerable discretion to grant a motion for new trial. The Court may grant a new trial for the following reasons:

(1) *Grounds for New Trial.* The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:

(A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or

(B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

(2) *Further Action After a Nonjury Trial.* After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

5.  Here, Defendant requests that the Court grant a motion for new trial under Rule 59(a)(1)(B) due to Counsel for Defendant's excusable neglect for failing to appear in Court on December 29th, 2016 on a motion for default hearing. In the

alternative, Defendant requests that the Court reconsider its judgment under Rule 59(e).

6. Rule 59(e) provides that a motion to alter or amend a judgment must be filed no later than twenty-eight days following the entry of judgment. Fed. R. Civ. P. 59(e). Depending on the timing of the motion, the Fifth Circuit treats a motion for reconsideration as either a motion to alter or amend under Rule 59(e), or a motion for relief from judgment under Rule 60(b). United States v. Turner, No. CA 11-928, 2011 WL 2836752, at * 1 (E.D. La. July 15, 2011) citing Lavespere v. Niagara Mach. & Tools Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990)).

7. In order to prevail on a Rule 59(e) motion, the movant must show at least one of the following: 1) an intervening change in controlling law; 2) new evidence not previously available; 3) the need to correct a clear or manifest error of law or fact; or 4) a manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

8. Only the last ground of Rule 59(e)---"a manifest injustice"-applies in this case, as the Court has not heard any evidence on the merits of this case.

### III. CONCLUSION

9. Defendant respectfully submits that the law, the facts, and the interests of justice allow one result-the setting aside of the Order entered against Defendant

4

entered on December 29th, 2016. Defendant's Counsel acted timely to comply with Federal Procedure in filing this motion. Finally, Defendant submits the ends of Justice can in no way be served by enforcing a default under the circumstances, especially, since Plaintiff can invoke no reasonable claim to having suffered prejudice.

## IV.   PRAYER

WHEREFORE, Defendant hereby requests that this Court grant a Motion for New Trial and set aside its Order entered against Defendant on December 29th, 2016, and allow the matter to re-open and proceed on a trial on the merits under the rules and schedule set by the Honorable Court.

    Respectfully Submitted,

    /s// LaToya Jarrett
**LaToya Jarrett,** *Of Counsel*
**Shackelford & Associates, LLC**
SBN: 24073021
Federal Bar Number: 1733798
1406 Southmore Blvd.
Houston, Texas 77004
(713) 520-8484-Office
(713) 520-8192-Facsimile
Jarrett.latoyap@gmail.com
**Attorney for Defendant, Diallo's of Houston**

## CERTIFICATE OF SERVICE

I, LATOYA JARRETT, do hereby certify that a true and correct copy of the foregoing instruments have been served upon counsel of record under the Federal Rules of Civil Procedure, via the Court's ECF electronic filing system on January 11th, 2017.

                                                                                                                         //s// LaToya Jarrett

**Equal Employment Opportunity Commission**
**Connie W. Gatlin**
**Senior Trial Attorney**
**1919 Smith St. 6th Floor**
**Houston, Tx 77002**
**(713) 651-4976**
**(713) 651-7995 (facsimile)**
**Connie.wilhite@eeoc.gov**