## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | § | |
| **OPPORTUNITY COMMISSION,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **C.A. NO. 4:16-cv-02909** |
| | § | |
| **DIALLO'S ENTERTAINMENT, INC.** | § | |
| **D/B/A DIALLO'S OF HOUSTON,** | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## SECOND 60(B) MOTION FOR RELIEF FROM JUDGMENT AND
## MOTION FOR NEW TRIAL/RECONSIDERATION UNDER RULE 59

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or "Commission"), and files this Response to Defendant's Second 60(B) Motion for Relief from Judgment (Dkt. # 18) and Defendant's Motion for New Trial/Reconsideration Under Rule 59 (Dkt. #19) (collectively "the Motions") filed by Defendant Diallo's Entertainment, Inc. d/b/a Diallo's of Houston ("Defendant" or "Diallo's"). Plaintiff would show that Defendant is not entitled to the requested relief, and further, that Defendant's untimely Answer (Dkt. # 17), filed after the case was terminated, should be struck as untimely. In support thereof, Plaintiff would respectfully show the Court as follows:

1

# I.
## NATURE AND STAGE OF THE PROCEEDING

1.     This action was filed on September 29, 2016, under the Americans with Disabilities Act of 1990, to address unlawful disability discrimination by Defendant and to provide appropriate relief to Felicia M. Parks ("Ms. Parks" or "Charging Party"). (*See* Dkt. ##1 & 2 & 7.)

2.     Although properly and formally served (*see* Dkt. # 6), Defendant failed to answer or otherwise appear to defend the lawsuit. The lawsuit was also timely served on counsel who represented Defendant throughout the agency investigation that preceded this lawsuit, Ray L. Shackelford ("Shackelford") of Shackelford & Associates, LLC. (*See* Dkt. ## 7-3 & 8-3).

3.     As a result of Defendant's failure to appear and defend, Plaintiff filed a Motion for Entry of Default (Dkt. #7) and a Motion for Default Judgment (Dkt. #8) which were served on both Defendant's registered agent and Shackelford (*see* Dkt. # 7, p. 6; Dkt. # 8, p. 7; Dkt. # 13-2 & 13-3). Defendant still failed to respond.

4.     The Court entered default on November 18, 2016 (Dkt. #9), and, on December 5, 2016, set a hearing on Plaintiff's Motion for Default Judgment for December 29, 2016. (*see* Dkt. #10). Defendant's agent and Defendant's counsel were both notified of the entry of default (*see* Dkt. #13-4) and the upcoming hearing (*see* Dkt. # 13-5).

5.     On December 15, 2016, Defendant filed a Notice of Appearance (Dkt. #12) and a 60(B) Motion for Relief from Judgment (Dkt. #11), to which Plaintiff filed a Response (Dkt. # 13). In its Motion for Relief, Defendant argued that the Court should set aside the entry of default because Defendant's failure to appear and defend the lawsuit was inadvertent and constituted excusable neglect.[1] After making that argument, and despite being properly served with notice of the hearing, Defendant then failed two weeks later to appear at the December 29th default judgment hearing. After considering Plaintiff's Motion, the Court entered default judgment against Defendant. (Dkt. # 16.) The Court also denied Defendant's first Motion for Rule 60(b) relief.

6.     On December 31, 2016, Ms. Parks, on whose behalf monetary and other relief was sought in this lawsuit, passed away. Her obituary was published online and her funeral was held on January 7, 2017.

7.     On January 11, 2017, thirteen (13) days after the default judgment was entered and the lawsuit was terminated by the Court, Defendant filed its Answer, Affirmative Defenses and Request for Attorneys Fees. (Dkt. # 17.) The

---

[1] In the Motion for Relief (Dkt. #11), Defendant claimed that it failed to timely respond to the lawsuit because Shackelford, who never sought admission *pro hac vice*, is not licensed in the Southern District of Texas. However, the attorney who filed the Appearance and Motion, LaToya Jarrett ("Jarrett"), who is apparently licensed in the Southern District, is associated with the firm of Shackelford & Associates. Defense counsel's claim that she was "hired" by Defendant on December 12, 2016 (*see* Dkt. 11-2, p. 2, ¶¶ 1-2; *see also* Dkt. # 18-1, p. 2, ¶ 1; Dkt. # 19-1, p. 2, ¶ 1) and only just "discovered Plaintiff's Motion for Entry of Default" on December 12, 2016 (*see* Dkt. #11, pp. 2-3, ¶ 4), was disingenuous and did not provide adequate justification for Defendant's repeated failure to respond to the lawsuit.

Answer is untimely and should be struck in its entirety. In addition, Defendant cannot show itself to be entitled to attorneys' fees, and thus, even if the Answer is not struck, that request should be summarily denied.

8.     Also on January 11, 2017, Defendant filed the instant Motions to which this brief responds. In both Motions, Defendant admits that its counsel received notice of the default judgment hearing (although the hearing is repeatedly and erroneously referred to by Defendant as a "status conference"), and was aware of the hearing as of December 16, 2016. (Dkt. # 18, pp. 2-3; Dkt. # 18-1, ¶¶ 3 & 5; Dkt. # 19, pp. 2-3; Dkt. # 19-1, ¶¶ 3 & 5.)

9.     Defendant also alleges that this lawsuit has been on file less than 90 days. (Dkt. # 18, p. 2, ¶ 3.) This assertion is not accurate, and was not accurate at the time the default judgment was entered. (*See* Dkt. # 1, Complaint filed 9/29/16.)

## II.
## ARGUMENT AND AUTHORITIES

10.     In both Motions, Defendant argues that defense counsel "intended to appear at the status conference, however, inadvertently failed to do so." (Dkt. # 18, p. 2, ¶ 2;  Dkt. # 19, p. 2, ¶ 2.) This is the sole reason offered by Defendant for its failure to appear and defend this lawsuit. Based on that proffered reason, Defendant is asking the Court to set aside the default judgment because "the Court has not heard any evidence in this case," and based on Defendant's allegations that it has moved "expeditiously" to "rectify the judgment," it has "meritorious

defenses" to the lawsuit, and Plaintiff would not suffer prejudice by reinstatement of the case, while Defendant would suffer prejudice by the failure to reinstate. (Dkt. # 18, pp. 6-9, ¶¶ 10-16; Dkt. # 19, pp. 3-5, ¶¶ 5 & 8-9.) Defendant has failed to show its entitlement to relief under Rule 59 or Rule 60.

### A.     <u>Defendant is not entitled to relief under Rule 59.</u>

11.     Defendant filed for relief under Federal Rule of Civil Procedure 59(a) and/or 59(e). Rule 59(a) is not applicable because there was no trial in this case. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). When a default judgment has been entered, a motion for new trial must be considered under Rule 59(e). *Piazza's Seafood World, L.L.C. v. Odom,* 448 F.3d 774, 748 n.9 (5th Cir. 2006); *Patin v. Allied Signal, Inc.,* 77 F.3d 782 (5th Cir. 1996); *U.S. v. One 1988 Dodge Pickup,* 959 F.2d 37, 39-41 (5th Cir. 1992).

12.     A Rule 59(e) motion "'calls into question the correctness of a judgment.'" *Templet v. Hydrochem, Inc.,* 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Thus, reconsideration of a judgment under Rule 59(e) is an "extraordinary remedy" to be used "sparingly" by the courts. *Id.* at 479. The Fifth Circuit has stated that the Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.,* 2 F.3d 606, 611 (5th Cir. 1993).

13.     Thus, a reconsideration under Rule 59(e) is permitted only for "'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet, 367 U.S. at 479* (quoting *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted))*; see also Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Henry v. New Orleans La. Saints, LLC*, 2016 U.S. Dist. LEXIS 83636, at *2-3 (Ed. La. 2016). To prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. *Schiller*, 342 F.3d at 567; *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).[2] None of those factors are present in this case.

14.     In *Benjamin Moore & Co. v. Borden (in Re Benjamin Moore & Co.)*, 318 F.3d 626 (5th Cir. 2002), the Fifth Circuit held, in a summary judgment case, that reconsideration under Rule 59(e) may also be made to prevent manifest injustice. The Court in *In re Benjamin Moore* did not, however, consider what circumstances would constitute a manifest injustice requiring reconsideration.

---

[2] Rule 59(e) "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (quoting 11 Wright, Miller & Kane, Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995)). Nor should Rule 59(e) be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Technologies, Inc.*, 2010 U.S. Dist. LEXIS 106966, at *8 (E.D. La. 2010). "A party seeking reconsideration must show more than disagreement with the court's decision." *Texaco Exploration & Prod., Inc. v. Smackco, Ltd.*, 1999 U.S. Dist. LEXIS 11550, at *3 (E.D. La. 1999) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)).

15.    In this case, Defendant argues that the "manifest injustice" ground applies because "the Court has not heard any evidence on the merits of the case." (Dkt. # 18, p. 4, ¶ 8; Dkt. # 19, p. 4, ¶ 8). Defendant has offered no case law to support its assertion that the Court's failure to hear evidence requires the setting aside of a default judgment to prevent manifest injustice and the assertion defies logic. If the failure to hear evidence on the merits constituted manifest injustice, a default judgment would be reversible in most instances. That conclusion is not supported by law.

16.    Defendant was given opportunity after opportunity to litigate and defend its position in this case, but repeatedly failed to do so. After being served with adequate and timely notice of the lawsuit, both formally and informally, Defendant was in a position to assert affirmative defenses and an answer to Plaintiff's Complaint. However, Defendant filed an answer and affirmative defenses only after the default judgment was entered. Prior to that, Defendant had notice of Plaintiff's Motion for Entry of Default, but only after default was entered did Defendant take any action whatsoever to attempt to defend the lawsuit.

17.    Defendant continued its pattern of gross carelessness and neglect even after filing its first Motion for Rule 60(b) relief, by failing to appear at the hearing on Plaintiff's Motion for Default Judgment despite defense counsel's admission that she had adequate notice of the hearing. Defendant's disagreement with the

default judgment is not a sufficient reason to grant such an extraordinary remedy in the face of Defendant's patent and repeated disregard of the lawsuit.

18.     Further, as set forth below, Defendant has failed to present evidence of a meritorious defense to show that the outcome of this lawsuit would be different were the case to be reinstated, while Plaintiff has presented evidence to show it would be prejudiced by reinstatement. Accordingly, there can be no manifest injustice in denying Defendant's request to set aside the default judgment.

**B.     Defendant is not entitled to relief under Rule 60.**

19.     Rule 60(b) allows the trial court to "correct obvious errors or injustices." *Fackelman v. Bell,* 564 F.2d 734, 736 (5th Cir.1977). "The extraordinary relief afforded by Rule 60(b) requires that the moving party make a showing of unusual or unique circumstances justifying such relief." *Wright v. Robinson,* 113 Fed. Appx. 12, 16 (5th Cir. 2004) (citing *Pryor v. U.S. Postal Serv.,* 769 F.2d 281, 286 (5th Cir.1985)). The party seeking relief from a judgment bears the burden of demonstrating that the prerequisites for such relief are satisfied. *See Wooten v. McDonald Transit Assocs., Inc.,* 788 F.3d 490, 500-01 (5th Cir. 2015). Since the relief is fundamentally equitable, equitable defenses such as unclean hands may foreclose such relief. *See Motorola Credit Corp. V. Uzan*, 561 F.3d 123, 127 (2d Cir. 2009).

20.    Whether to grant relief is within the district court's broad discretion, and a district court's denial of a Rule 60(b) motion will be reversed only for abuse of discretion. *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 871 (5th Cir.), *cert. denied*, *Wilson v. Armstrong World Industries, Inc*., 493 U.S. 977 (1989). However, in considering a Rule 60(b) motion, a trial court has "considerable, but not boundless, discretion" to grant such relief. *Kelly, Sutter, Mount & Kendrick, P.C. v. Alpert,* 2006 U.S. Dist. LEXIS 77660, at *6 (S.D. Tex. 2006) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990)). "Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law" enough to justify granting relief under Rule 60(b). *Pryor,* 76 F.2d at 287 (citing 11 Wright & Miller, Federal Practice and Procedure § 2858 at 170); *see also Alpert*, 2006 U.S. Dist. LEXIS 77660, at *6. A party has a duty of diligence to inquire about the status of a case, and Rule 60(b) relief will be afforded only in unique circumstances. *Pryor,* 76 F.2d at 287 (citing *Wilson v. Atwood Group*, 725 F.2d 255, 257, 258 (5th Cir.) (en banc), *cert. dism'd*, 469 U.S. 1222 (1984)).

### 1.    *Defendant Has No Entitlement to Relief Under Rule 60(b)(6).*

21.    In this case, Defendant alleges that it is entitled to relief <u>solely</u> under Rule 60(b)(6) (*see* Dkt. # 18, p. 4, ¶ 6.), which allows a court to set aside a judgment for "any other reason that justifies relief." Rule 60(b)(6) is a grand

reservoir of equitable power to do justice in a particular case when relief is not warranted by the other five clauses of the rule, but <u>relief under this section is granted only if extraordinary circumstances are present and is exceedingly rare.</u> *See, e.g., Gonzalez v. Crosby*, 545 U.S. 524 (2005); *Government Fin. Servs. One Ltd. Partnership v. Peyton Place*, 62 F.3d 767, 773-74 (5th Cir. 1995). "To justify relief under subsection (6) [of Rule 60(b)], a party must show "extraordinary circumstances" suggesting that the party is faultless in the delay." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380,  393 (1993). Such relief rests on a highly fact-intensive balancing of finality and doing justice. *See West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015); *see also Lavespere*, 910 F.2d at 174; *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981) (one factor that informs the district court's consideration of a motion under Rule 60(b) is that final judgments should not lightly be disturbed).

22.    Defendant has failed to present evidence to show that it is faultless in its failure to defend the lawsuit or appear at the hearing on Plaintiff's Motion for Default Judgment. Defense counsel was admittedly aware of the hearing, and had adequate time – from December 16th, the date she purports to have learned of the hearing, to December 29th, the date of the hearing (*see* Dkt. ## 18-1 & 19-1, p. 2, ¶ 3) – to make alternative arrangements, either to ask to continue the date of the hearing, attend by teleconference, or arrange for another attorney to attend. Instead,

no arrangements were made by Defendant and defense counsel failed to contact either Plaintiff's counsel or the Court regarding her travel plans. Balancing these facts and the absence of compelling circumstances against the interest of finality of the judgment militates against setting aside the default judgment. Defendant has wholly failed to show the "extraordinary circumstances" necessary to justify the rare relief afforded by Rule 60(b)(6).

23.    Defendant also argues, however, that its failure to attend the default judgment hearing or otherwise take appropriate action was due to "excusable neglect, mistake, or accident" (*See* Dkt. # 18, p. 6, ¶ 10), an argument which seems to implicate Rule 60(b)(1), which allows a district court to grant relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). If the reason for which relief is sought fits within Rule 60(1)-(5), the catch-all category of Rule 60(b)(6) will not permit relief. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 393 (1993). The Fifth Court has "consistently held that relief under 60(b)(6) is mutually exclusive from relief available under sections (1)-(5)," and the reason for relief set forth under 60(b)(6) cannot be the reason for relief sought under another subsection of 60(b). *Hesling v. CSX Transp., Inc.,* 396 F.3d 632, 643 (5th Cir. 2005) (citing *Transit Cas. Co. v. Sec. Trust Co.*, 441 F.2d 788, 792 (5th Cir. 1971) and *Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002)). Defendant is not entitled to relief under Rule

11

60(b)(6) on grounds addressed by Rule 60(b)(1). Thus, Defendant's Motion for Rule 60(b) Relief should be denied. *See Wilson,* 873 F.2d at 869 (because the district court correctly found that the plaintiffs' motion came within the coverage of Rule 60(b)(3), relief under Rule 60(b)(6) was unavailable to plaintiffs).

### 2.    *Defendant Has No Entitlement to Relief Under Rule 60(b)(1).*

24.    However, even were the Court to consider Defendant's request under Rule 60(b)(1), Defendant cannot show its entitlement to relief under that section. In determining whether good cause exists to set aside a default judgment under Rule 60(b)(1), a court is required to examine "'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Jenkens & Gilchrist v. Groia & Co.,* 542 F.3d 114, 119 (5th Cir. 2008) (quoting *Matter of Dierschke,* 975 F.2d 181, 183 (5th Cir. 1992)).[3]

25.    The threshold showing by the defaulting party is that it is not culpable for its failure because of mistake, inadvertence, surprise or excusable neglect. *Burrell v. Henderson,* 434 F.3d 826, 831 (6th Cir. 2006). "If this initial showing is made, the party seeking relief can then proceed to demonstrating the two additional requirements for relief from default, which are a lack of prejudice to the Plaintiff,

---

[3] *See also Rogers v. Hartford Life & Accident Ins. Co.,* 167 F.3d 933, 938-39 (5th Cir. 1999). In its Second Rule 60(b) Motion for Relief, Defendant cites to *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima,* 776 F.2d 1277, 1280 (5th Cir. 1985) for the elements required for showing excusable neglect under Rule 60(b). (See Dkt. # 18, pp. 6-7 & 8.) This 32-year-old case is not in line with the plethora of more recent cases that place the willful/good cause showing as the initial and primary requirement in seeking relief under Rule 60(b).

and a meritorious defense." *EMI April Music, Inc. v. 1064 Old River Rd., Inc.,* 214 Fed. App. 589, 591 (6th Cir. 2007) (citing *Burrell,* 434 F.3d at 831). The district court need not consider all of these factors. *CJC Holdings, Inc. v. Wright & Lato, Inc.,* 979 F.2d 60, 64 (5th Cir. 1992) (citing *Dierschke,* 975 F.2d at 184). The ultimate inquiry remains whether the defendant shows "good cause" to set aside the default. *Id.* Courts may also consider whether, as here, the public interest was implicated. *Jenkens & Gilchrist*, 542 F.3d at 119 (citing *Dierschke*, 542 F.2d at 183-84). However, "[a] finding of willful default ends the inquiry, for 'when the court finds an intentional failure… there need be no further finding.'" *Wright,* 113 Fed. Appx. at 16 (citing *Lacy v. Sitel Corp.,* 227 F.3d 290, 292 (5th Cir. 2000)).

### a.    *Defendant Cannot Show Excusable Neglect.*

26.    Defendant cannot show excusable neglect. Defendant argues that the Court entered the default judgment despite Defendant's filing of the first Rule 60(b) Motion, which indicated "its intention to defend this suit." (Dkt. # 18, p. 5, ¶ 8.) Regardless of the merits of Defendant's first motion, which argued the same grounds of "inadvertence," and which was denied by the Court, Defendant continued to engage in a pattern of misconduct, neglect and gross carelessness even after that motion was filed. Defendant's Second Rule 60(b) Motion is even less compelling than its first such motion. The same circumstances – failure to defend the lawsuit – resulted in both the entry of default and the default judgment.

It is difficult to fathom how Defendant's current motion claiming good faith excusable neglect is supported by a previous motion arguing the same grounds that was then followed by more neglect.

27.     Regardless of her previously scheduled travel plans, counsel for Defendant admitted she had almost two weeks between the time she learned about the default judgment hearing and the hearing itself. (Dkt. ## 18-1 & 19-1, p. 2, ¶¶ 3 & 4; Dkt. ## 18-2 & 19-2.)[4] Defendant knew full well that default judgment could be entered at the hearing. Had Defendant been sincere it its initial claim of inadvertence, defense counsel would have taken one or more of the steps discussed at paragraph 22 above. Defense counsel's "intention" to appear at the hearing, unaccompanied by any reasonable steps to make sure the hearing was covered and Defendant's position was defended, is not excusable neglect. Rather, this is the kind of gross carelessness and even willfullness the Fifth Circuit has held to preclude relief under Rule 60(b)(1). *See Pryor,* 76 F.2d at 287.

28.     Further, following the hearing, Defendant did absolutely nothing to address the judgment for 13 days. Defense counsel would have received electronic notice of the judgment on December 29th, but assuming that, during her trip, she did not have access to her business email – and did not have anyone else at her

---

[4] In *Goldstein v. Gordan*, 2002 U.S. Dist. LEXIS 3348, at **14-15 (N.D. Tex. 2002), a case cited by Defendant in support of its Motion (*see* Dkt. # 18, pp. 4-5, ¶ 7), the default judgment was set aside because the defendant was never properly served with process. That is certainly not the case here.

14

firm monitoring her email – she could have taken action to address the matter when she returned to Houston on January 3, 2017. (*See* Dkt. ## 18-1 & 19-1, p. 2, ¶ 4). Yet Defendant waited another eight days to take any action. This is not "expeditiously" moving to "rectify" the judgment, as Defendant alleges.

29.     According to Defendant, default judgments are appropriate only "'when the adversary process has been halted because of an essentially unresponsive party.'" (Dkt. #18, p. 6, ¶ 9 (citing *Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989))).[5] Defendant has not only been essentially unresponsive, it has been repeatedly and flagrantly unresponsive. Indeed, considering Defendant's conduct to date, it is unlikely that, if the case were reinstated, Defendant would diligently participate in the proceedings going forward. This fact, evidenced by Defendant's past neglect and carelessness, is simply one more factor that militates against reinstatement.

30.     Applicable case law does not support setting aside the default judgment.  In *Baez v. S.S. Kresge Co.,* 518 F.2d 349 (5th Cir. 1975), in a case where the defendant failed to answer, the district court found that although the postal service failed to deliver the papers that the defendant had forwarded to counsel, that was not excusable neglect. *Id.* at 350. The Fifth Circuit affirmed,

---

[5] Plaintiff notes that *Ocala* was a case decided under Federal Rule of Civil Procedure 55(b). While the grounds for relief under Rule 55(c) and 60(b) are essentially the same, the standards are more stringently applied when the court is considering a motion to vacate a default judgment under Rule 60(b). *See United States v. One Parcel of Real Property,* 763 F.2d 181, 183 (5th Cir. 1985); *Owens-Illinois, Inc. v. T&N, Ltd.,* 191 F.R.D. 522, 525 (E.D. Tex. 2000).

finding that "rather minimal internal procedural safeguards could and should have been established which would have prevented this loss." *Id.* There is no evidence in this case that Defendant had any minimal internal procedural safeguards which could have prevented the default judgment but for excusable error or neglect.

31.    In *Alpert*, the defendant filed a second motion to set aside a default judgment arguing that he failed to answer the lawsuit because of excusable negligence, *i.e.*, he mistook papers he had received during an extended absence for copies of previously served documents, but did not follow up. The court held that, particularly given his experience in litigation, the defendant failed to show the "unique circumstances" required to vacate the judgment under 60(b)(1). *Alpert, 2006 U.S. Dist. LEXIS 77660, at \*\*7-8* (citing *Pryor,* 769 F.2d at 287).

32.    In *United States v. $30,000.00 United States Currency*, 2012 U.S. Dist. LEXIS 159428, at \*4 (S.D. Tex. 2012), the movants argued that their attorney's mistake in calendaring docket deadlines that resulted in the default judgment was excusable neglect under Rule 60(b)(1). The court held that "counsel's failure to calendar the deadline [to file claims and answers or motions]" was not excusable neglect'" and did not justify relief from judgment. *Id.* at \*5.

33.    The Supreme Court recognizes that clients must be held accountable for the acts and omissions of their attorneys. *See Pioneer Inv. Servs.,* 507 U.S. at 396 (citing *Link* v. *Wabash R. Co.*, 370 U.S. 626, 633 (1962) (holding that a client

16

may be made to suffer the consequence of dismissal of its lawsuit because of its attorney's failure to attend a scheduled pretrial conference, and finding "no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client")).

34.     In *Williams v. Swanson*, 57 Fed. Appx. 784, 787-88 (10th Cir. 2003), the defendant argued that his failure to respond to the lawsuit was due to excusable neglect because he reasonably held a mistaken belief that his co-defendant's attorneys or his own attorney was handling the lawsuit for him. The court applied the Supreme Court's analysis for determining "excusable neglect" set forth in *Pioneer Inv. Servs.,* and determined that the defendant had not sufficiently established it. The court stated that "[w]hile it is unfortunate that [defendant] relied to his detriment on assurances made by counsel, his arguments did not persuade the circuit court that the district court's default judgment was in error. *Id.* at 788. Likewise, Defendant has failed to show excusable neglect in this case.

### b.     Plaintiff Would Be Prejudiced by Reinstatement.

35.     Since Defendant has failed in making a showing of good cause for setting aside the default (*see CJC Holdings*, 979 F.2d at 63), the Court is not required to address arguments related to a meritorious defense or prejudice to Plaintiff. *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 578 n.2 (10th Cir. 1996). However, even if Defendant can make some minimal showing that it is not

culpable for its failure to defend because of excusable neglect, Defendant's allegation that "Plaintiff can invoke no reasonable claim to having suffered prejudice" if the default judgment is set aside (*see* Dkt. # 18, p. 9, ¶ 17; *see also* Dkt. #18, pp. 6-7 , ¶¶ 11-13) is conclusory and false.

36.     Ms. Parks' death and her funeral, held on January 7, 2017, were publicly disclosed in an online obituary. *See* Exhibit "A" to this Response, Declaration of Connie W. Gatlin, p. 2, ¶ 4. Four days later, on the evening of January 11th, Defendant finally filed its Motions for relief, making assertions that "[t]he granting of [its] motion will not slow the progress of this case, or hinder Plaintiff's right to plead its claims in this suit" and "will occasion no additional delay and will not harm Plaintiff's right to defenses" (Dkt. # 18, p. 7, ¶ 12.) These assertions are patently false. The unavailability of Plaintiff's primary witness, who was available prior to the default judgment, is highly prejudicial to Plaintiff. *See* Ex. A, p. 2, ¶ 5. Defendant had time to engage in discovery, including taking Ms. Parks' deposition, prior to both the default judgment and her death had Defendant simply taken this lawsuit seriously. *Id.* Defendant should not now be rewarded for its willful neglect and gross carelessness by having "a second bite at the apple" when Plaintiff's primary witness is no longer available.

37.     Defendant argues that, unlike Plaintiff, it would suffer prejudice if the default judgment is not set aside. It is assumed that a defendant suffers "prejudice"

as a result of a default judgment against it, but such prejudice is not part of the analysis under Rule 60(b)(1) as to whether a default judgment should be set aside.

### c. Defendant Has Presented No Meritorious Defense.

38. In most cases, a court will require a movant to demonstrate a meritorious defense to the action as a prerequisite to vacating a default judgment. *See CJC Holdings*, 979 F.2d at 64*; see also One 1988 Dodge Pickup,* 959 F.3d at 42 (denial of Rule 60(b) motion upheld where court found that the defendant made no assertion or showing of any meritorious defense); *see also United States v. One 1978 Piper Navajo*, 748 F.2d 316, 318 (5th Cir. 1984). This generally requires that the defendant provide "definite factual allegations, as opposed to mere legal conclusions, in support of her defense." *Jenkens & Gilchrist*, 542 F.3d at 122. Generally, with a motion to set aside a default judgment, the movant must demonstrate that the outcome of the lawsuit may be different than if the default judgment is allowed to stand. *Beitel v. OCA, Inc. (In re OCA, Inc.),* 551 F.3d 359, 373 (5th Cir. 2008) (In determining whether a meritorious defense exists, the underlying concern is "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default").

39. In asserting that it has meritorious defenses, Defendant claims only that "[a]s evidenced by Plaintiff's causes of action in its Original Complaint, Defendant has numerous meritorious defenses against Plaintiff and can advance

such only if the suit is re-opened." (Dkt. # 18, pp. 8-9, ¶ 16.)  Plaintiff's "causes of action" are not "evidence" of Defendant's defenses, and Defendant has failed to present any facts or evidence to support any meritorious defenses as needed to prevail under Rule 60(b)(1). Defendant fails even to state what any of its defenses would be much less describes how any such defense would dictate a different outcome of the case were the default judgment to be set aside. Defendant has failed to show that there is even a "possibility" it can prevail on the merits.

### III.
### CONCLUSION & PRAYER FOR RELIEF

WHEREAS, PREMISES CONSIDERED, Plaintiff asks the Court to deny Defendant's Second 60(B) Motion for Relief from Judgment and Defendant's Motion for New Trial/Reconsideration Under Rule 59 because Defendant has failed to establish its entitlement to relief under either rule. Plaintiff also asks the Court to strike Plaintiff's Answer, Affirmative Defenses and Request for Attorneys Fees in its entirety as untimely, and in the alternative, deny Defendant's request for attorneys' fees.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

/s/ Connie W. Gatlin
CONNIE WILHITE GATLIN
Senior Trial Attorney
Attorney-in-Charge

Texas Bar No. 00792916
Southern Dist. of Texas No. 23624
Equal Employment Opportunity
Commission
1919 Smith St., 6th Floor
Houston, Texas 77002
(713) 651-4976
(713) 651-7995 [facsimile]
connie.gatlin@eeoc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on, January 25, 2017, a true and correct copy of Plaintiff's Response to Defendant's Second 60(B) Motion for Relief from Judgment and Defendant's Motion for New Trial/Reconsideration was served on counsel for Defendant via the Court's ECF system, as follows:

LaToya Jarrett
Shackelford & Associates, L.L.C.
H J & M Building
1406 Southmore Blvd. @ Austin
Houston, Texas 77004

/s/ Connie W. Gatlin_____
Connie Wilhite Gatlin